UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERTICAL COMPUTER SYSTEMS, INC. and
NOW SOLUTIONS, INC.,

                Plaintiffs,

                v.

DEREK WOLMAN and DAVIDOFF, HUTCHER
AND CITRON, LLP,

                Defendants.

25-CV-8891 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs Vertical Computer Systems, Inc. and Now Solutions, Inc. bring this action against Defendants alleging fraudulent inducement and conspiracy to breach a fiduciary duty, breach of fiduciary duty, and violations of the Racketeer Influenced and Corrupt Organizations Act. For the reasons set forth below, the Court dismisses this action pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

On May 7, 2024, Plaintiffs filed a complaint in the Eastern District of Texas. *See* Dkt. 1. On October 27, 2025, that case was transferred to this Court. Dkt. 37. On October 28, 2025, the Court issued an order directing the parties to jointly submit a proposed case management plan and scheduling order, and to appear for an initial status conference on November 20, 2025. Dkt. 38. On November 14, 2025, Defendants submitted a letter to the Court, stating that "Plaintiffs' counsel has advised that the bankruptcy of Now Solutions, Inc. prevents him from securing authorization to prosecute this case and that dismissal appears imminent. Accordingly, plaintiffs have not participated in this required joint filing." Dkt. 39 ("Defs.' Letter") at n.1. Nonetheless, as

scheduled, the Court held an initial status conference on November 20, 2025. Plaintiffs' counsel appeared at the conference and represented to the Court that despite any pending bankruptcy proceedings, Plaintiffs intended to proceed with prosecuting this action. Following the conference, on November 21, 2025, the Court issued an order directing Defendants to file their responsive papers to the complaint by December 19, 2025 and the parties to jointly file a status letter proposing next steps by the same date. Dkt. 41.

On December 19, 2025, Defendants filed their motion to dismiss the complaint, Dkt. 42, as well as a letter motion to stay discovery, Dkt. 43 ("Letter Mot. to Stay"). In their letter motion, Defendants represented that they were unable to file a joint letter as directed by the Court because they had received no response from Plaintiffs' counsel. Letter Mot. to Stay at 1. On December 22, 2025, the Court directed Plaintiffs to respond to Defendants' letter motion to stay by January 9, 2026. Plaintiffs never responded to either Defendants' motion to dismiss or their letter motion to stay. On January 23, 2026, the Court issued another order directing Plaintiffs to either file an opposition to Defendants' motion to dismiss or submit a letter to the Court indicating that they do not intend to do so but still seek to pursue this action by February 20, 2026. Dkt. 45 ("Order"). The Court warned Plaintiffs that if the Court does not receive any communication from Plaintiffs by that date, "it may dismiss this action for failure to prosecute." *Id.* at 2. The Court has not received any further communication from Plaintiffs since the November 20, 2025 conference. On February 23, 2026, Defendants filed a letter to the Court seeking dismissal of the case. Dkt. 46.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors:

'(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it necessitates "'particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiffs' non-compliance is significant: Plaintiffs have not communicated with the Court for more than three months since the initial status conference, and have failed to comply with multiple different Court orders. *See* Dkt. 38, 41, 44–45; *e.g.*, *Singelton v. City of New York*, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing action where plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"). Second, Plaintiffs were on notice that their failure to comply might result in dismissal: the Court's January 23, 2026 order explicitly warned them that this action might

3

be dismissed if they failed to respond.  *See Mitchell*, 708 F.3d at 468.  Third, Plaintiffs have been given an opportunity to be heard; indeed, they failed to follow multiple orders directing them to write to the Court, *see* Dkt. 38, 41, 44–45.  To the extent the bankruptcy of Now Solutions, Inc. may have prevented Plaintiffs from obtaining authority to prosecute this action, Plaintiffs have never requested to stay this action pending resolution of any bankruptcy proceedings, nor have they provided the Court with any information regarding those proceedings.  Fourth, this case has been pending for more than a year and a half, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  In light of these considerations, the Court finds that Plaintiffs' non-compliance warrants dismissal.

On balance, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case.  *Baptiste*, 768 F.3d at 216.  Although Defendants have already spent time and effort on motion practice, this case has not yet proceeded to discovery or trial.  *See Virola v. Entire GRVC Dept of Mental Health Hygiene Servs.*, 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (finding dismissal without prejudice appropriate where "Plaintiff's delay has not impacted the trial calendar").  Moreover, were Plaintiffs to refile their claims, Defendants could likely apply much of their work product to a renewed motion to dismiss.  Finally, this action has not substantially burdened the Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial.  Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiffs' failure to communicate with the Court or to comply with the Court's orders.  *See, e.g., Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was not significant, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the

appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity") (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated:    February 25, 2026
          New York, New York

_____
Hon. Ronnie Abrams
United States District Judge